Commonwealth of Pennsylvania, Department of Transportation, Petitioner *v.* L. C. Anderson & Sons, Inc., Respondent.

Argued September 16, 1982, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*John J. Buchy, Jr.,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay Waldman,* General Counsel, for petitioner.

*C. Grainger Bowman, McNees, Wallace & Nurick,* for respondents.

Opinion by Judge MacPhail, November 8, 1982:

The Commonwealth's Department of Transportation (DOT) has filed this Petition for Review from an Order of the Board of Claims (Board) directing DOT to pay the sum of $5,445 plus interest to L. C. Anderson and Sons, Inc. (Anderson).

This matter concerns a contract between DOT and Anderson by which Anderson, as contractor, agreed to undertake the elimination of a railroad underpass and the construction of a new at-grade crossing. For a portion of the construction, Anderson, with the required approval of the railroad company whose track was affected by the construction, reused the existing rail. DOT contended that where such reused track failed to meet the "relayer rail" specifications[1] under the "Rail" provisions of the contract then DOT was due $5,445[2] as a deduction or credit from the bid price for substandard work. Anderson then filed an action to the Board for a recovery of the money withheld by DOT. The Board, in a 2-1 decision, held the contract to be ambiguous, read the contract against the maker DOT and found in favor of Anderson.

This Court, in *State Highway and Bridge Authority v. E. J. Albrecht Co.*, 59 Pa. Commonwealth Ct. 246, 430 A.2d 328 (1981), set down the standards by which this Court reviews a Board determination of ambiguity. We there stated:

> The question of whether an ambiguity exists is to be determined by the Court as a question of law. A contract is ambiguous if, and only if, it is reasonably or fairly susceptible of different constructions and is capable of being understood in more senses than one and is obscure in

---

[1] Those specifications primarily concerned maximum wear standards. Anderson presented no testimony to refute DOT assertion that the reused rail failed to meet the "relayer rail" specifications.

[2] DOT's calculations were not disputed by Anderson.

meaning through indefiniteness of expression or has a double meaning. A contract is not ambiguous if the court can determine its meaning without any guide other than a knowledge of the simple facts on which, from the nature of language in general, its meaning depends; and a contract is not rendered ambiguous by the mere fact that the parties do not agree upon the proper construction. Id. at 250-51, 430 A.2d at 330. (Citations omitted).

We have read the contract at issue here and although we disagree with the Board's opinion that this contract is ambiguous, we do agree with its conclusion that Anderson is entitled to a judgment in its favor. In our view, the contract is quite clear; Work Item 2000-0001 of the contract is described as *"Relay Existing* Railroad Track" (emphasis added) and under the "General Requirements" for Item 2000-0001 the contract requires Anderson to "relay the track *which was* removed" (emphasis added). Anderson's reuse of existing rail was all that these provisions required.

DOT has argued that the "relayer rail" specifications must be read as applying to the rail which was relaid so as to give effect to all contract provisions. DOT has correctly stated the law to be that in construing a contract all parts must be taken into consideration and given effect, *if possible. E.g., John McShain, Inc. v. General State Authority,* 9 Pa. Commonwealth Ct. 427, 431, 307 A.2d 469, 472 (1973). However, we cannot adopt a strained interpretation of words merely to give effect to inapplicable provisions. Here, the Board found from substantial evidence in the record that 1) "relayer rail" is an industry term for rail taken up, stored by a rail supplier and reused on another job and 2) existing track is *not* relayer rail. Therefore, in interpreting this contract by giving effect to such an industry term as it is understood in the

604

trade, 8 P.L.E., Contracts §147, we hold that the "re-layer rail" provisions would be inapplicable to the *existing* track required by Item No. 2000-0001 of the contract to be *relaid* by Anderson and that Anderson is entitled to recover the disputed sum from DOT.

We affirm.

ORDER

The order of the Board of Claims, Docket No. 519, dated December 2, 1980, is hereby affirmed.